HENRY W. SLOCUM *vs.* PROVIDENCE STEAM AND GAS PIPE
COMPANY & others.

SAME *vs.* FREDERICK N. SEABURY & others.

SAME *vs.* LILBURN LAPHAM & others.

In a court of general jurisdiction, jurisdiction is to be presumed until the contrary is proved.

It is not competent for a stockholder of a corporation to avoid payment of an execution levied upon his property under the provisions of chap. 128 of the Revised Statutes, upon the ground that the fee required by the law of the state to be paid into the state treasury before the charter of said corporation should take effect, had not been paid, because he is, as a member of the supposed corporation, estopped, when pursued by a creditor thereof, from denying its existence.

In the absence of any matter-of estoppel, inquiry may at any time be made into the question, whether a company which assumes to act as such has ever been incorporated.

THESE were three bills in equity brought by the complainant, Henry W. Slocum, against the above named respondents respectively. The bill in each case stated, in substance, that the respondents, having obtained judgment against the American Steam and Gas Pipe Company, had taken out execution, levied the same on certain real estate belonging to the complainant, and advertised it for sale thereunder. It further alleged that the charter of the said company was granted to certain persons of whom the complainant was not one, by the General Assembly of the State of Rhode Island, in 1867, but never took effect; the sum required by chap. 475 of the Statutes to be paid to the general treasurer before it should take effect, never having been paid.

It further alleged that the complainant was not, and never had been, to the best of his information and belief, a stockholder in said company, for the reason aforesaid, and that he never was an officer or agent of said company; that he never attended any of their meetings, nor did any other person in his behalf, and never did any act in anywise appertaining to the business of said company or their credit, and never by word or representation gave encouragement or credit to said company, and was never identified with them, and never did any act as a stockholder in said supposed corporation. The bills prayed that the several respondents might be perpetually enjoined from proceeding further in selling the said estates of the complainant. To these bills the respondents demurred generally.

The liability of the complainant was incurred under chapter 128 of the Revised Statutes, which provided as follows: —

"Section 11. Every manufacturing company included within the provisions of this chapter shall file in the town clerk's office of the town where the manufactory is established, annually, a certificate signed by the president and a majority of the directors, truly stating the amount of all assessments voted by the company, and actually paid in, and the amount of all existing debts.

"Section 12. If any of said companies shall fail so to do, all the stockholders of said company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such notice shall be given, unless such company shall have become insolvent and assigned its property in trust for the benefit of its creditors, in which case the obligation to give such notice by the filing of such certificate, shall cease."

The essential provisions of chap. 475 of the Statutes, which requires the payment of a tax to the state by every corporation before its charter shall take effect, are stated in the opinion of the court.

*Bradley & John Eddy*, for complainant.

*B. N. & S. S. Lapham, James Tillinghast & Cobb*, for respondents.

Durfee, J. The plaintiff in these suits prays for injunctions to restrain the defendants from selling his land under executions recovered by them against the American Steam and Gas Pipe Company. The defendants claim the right to sell under the executions, on the ground that the plaintiff is a member of said company, and, as such, liable in his person and property for its debts, under Rev. Sts. c. 128. The plaintiff contends that he is not a member, and, therefore, is not subject to any such liability, for the reason that the American Steam and Gas Pipe Company never had any legal existence as a corporation.

The charter, or act of incorporation, for the American Steam and Gas Pipe Company, was granted or passed in 1867, the capital named in the charter or act being seventy-five thousand dollars. At that time, there was in force in the state a public statute which provided that no act of incorporation granted after

the passage thereof, " for any other than for religious, literary, charitable, or. cemetery purposes, or for a military or fire company, shall take effect until the persons therein incorporated shall have paid to the general treasurer the sum of one hundred dollars, if the capital limited by such act of incorporation is the sum or any less sum than one hundred thousand dollars." The hundred.dollars, required .by this statute, was not paid for the American Steam and Gas Pipe Company, and consequently, their act of incorporation never went into effect, if it is to be construed as passed subject to the statute. We think it is to be so construed, there being no clause of the act excepting it out of the operation of the statute. See *The Union Horse Shoe Works* v. *Lewis*, 1 Abbott U. S. 518.

The defendants contend that, even if the act has never gone into effect, the existence of the company as a corporation cannot be questioned in a collateral proceeding. It is undoubtedly the rule that, if a charter has once been duly granted and accepted, the state alone can enforce a forfeiture of the charter for any violation thereof, or failure to comply with its considerations on the part of the corporation ; and that, until the state sees fit to enforce the forfeiture, the corporation is to be recognized as legally existing in all collateral proceedings. But here, the act of incorporation being inoperative, there never was any corporation to incur a forfeiture, or any charter to be forfeited. We know of no rule which precludes inquiry into the question, whether a company which assumes to act as a corporation has ever been incorporated, in any case, in the absence of any matter of estoppel to prevent the inquiry.

But the plaintiff, in order to have the relief which he seeks, ought to satisfy us, not only that his company is not a corporation, but also that he is entitled to show the fact as against its creditors. We assume, as we think the bills warrant us in assuming, that the plaintiff is a stockholder in the American Steam and Gas Pipe Company, though he has done nothing as such, except hold his stock. The question then is, whether a stockholder, who does nothing but hold his stock, is estopped, when pursued by a creditor of the supposed corporation, from denying its existence. We think he is so estopped. By becoming and continuing a stockholder, he holds himself out as a corporator, and so

contributes to the belief that the company with which he is associated is a corporation. To permit a person who has so held himself out to say that he is not a corporator, when legally pursued as such, would be to permit him to take advantage of his own wrong. He is like a person who, having held himself out or suffered himself to be held out as a copartner, may be charged with the copartnership debts. Or he is like a person who, without authority, as executor or administrator, intermeddles with the property of a decedent, and so becomes chargeable as an executor in his own wrong. The plaintiff having assumed the character of a corporator, where he is sought to be charged as such, ought not to be heard to say that the character was falsely or unlawfully assumed. The fact that he was not active in the business of the company cannot avail him; for it is the assumption to hold the stock as if he were a corporator, which makes the mischief. It might easily happen that the stockholder, whose name contributed most to the credit of the supposed corporation, was least active in its business, and it would be plainly unjust to exempt him from liability to the creditors, merely because of his inactivity.

We are aware that in *Utley* v. *Union Tool Company*, 11 Gray, 139, the Supreme Court of Massachusetts exempted a stockholder from liability to a creditor of a supposed corporation, upon proof that the corporation had never legally come into being under the statute of that state. But it does not appear that in that case the question of estoppel was raised by the counsel or considered by the court. We should agree entirely with the Supreme Court of Massachusetts in their decision in any case in which the estoppel would be inapplicable.

The plaintiff also seeks relief upon the ground that the writs in the actions against the American Steam and Gas Pipe Company were not duly served. But it appears from the copies of the records in those actions, which are annexed to the bills, that the company appeared thereto, pleaded the general issue, and submitted to judgment. The defect in the service of the writs, if there was any, was caused by this action of the company. The plaintiff, however, contends that, though entire copies of the records were annexed to his bills, only parts of them were incorporated therein, and that the parts so incorporated do not show

the appearance, plea, and submission to judgment. But, even if this be so, we think it immaterial. The Court of Common Pleas, in which the judgments against the company were recovered, is a court of general jurisdiction, and, in regard to such a court, the rule is that jurisdiction is to be presumed until the contrary is proved; and certainly we should not hold the contrary to be proved, so long as any part of the record in which the fact of jurisdiction would be likely to be shown, was withheld.

We think the demurrers must be sustained.

*Demurrers sustained. Bills dismissed with costs.*

NOTE. — This case was first heard by BRAYTON, C.J., and DURFEE, J. After the decision, the plaintiff petitioned for a rehearing, upon which the parties were heard before BRAYTON, C. J., and DURFEE and POTTER, JJ., and the petition was dismissed. The foregoing opinion was delivered at the October Term of the court, 1870; but it is so closely connected with the next following opinion in the case of *Slocum* v. *Warren & others,* delivered at the present term of the court, that it has seemed best to print it here.